UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Clara R. Smit (NJ # 060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff

-----------------------------------------------------x

SCOTT BIRNBAUM,                          :
an individual,                           :          CASE NO.:
                                         :
                Plaintiff,               :
                                         :
vs.                                      :
                                         :
                                         :
                                         :
JADE LAKE GOURMET INC and                :
MILLBURN COMMON                          :
ASSOCIATES, L.P.,                        :
                                         :
                Defendants.              :
-----------------------------------------------------x

## COMPLAINT

     Plaintiff, SCOTT BIRNBAUM, by and through his undersigned counsel, hereby files this Complaint and sues JADE LAKE GOURMET INC and MILLBURN COMMON ASSOCIATES, L.P. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the

1

Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.    Plaintiff, SCOTT BIRNBAUM, (hereinafter referred to as "MR. BIRNBAUM"), is a resident of Union County, New Jersey. MR. BIRNBAUM resides at 41 Hillside Avenue, Springfield, New Jersey.

4.    MR. BIRNBAUM is a qualified individual with a disability under the ADA. MR. BIRNBAUM has been diagnosed with spina bifida.

5.    Due to his disability, MR. BIRNBAUM is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. BIRNBAUM is unable to walk, stand, or use his legs without assistance.

6.    Upon information and belief, JADE LAKE GOURMET INC (hereinafter referred to as "JADE LAKE") is a corporation incorporated in the State of New Jersey and authorized to do and doing business in Essex County, New Jersey.

7.    Upon information and belief, MILLBURN COMMON ASSOCIATES, L.P. (hereinafter referred to as "MCA") is a limited partnership organized in the state of New Jersey and authorized to do and doing business in Essex County, New Jersey.

8.    Upon information and belief, JADE LAKE can be contacted at its registered agent located at:

> c/o Baoqiang Huang
> 229 Millburn Avenue
> Millburn, New Jersey 07041

2

9.    Upon information and belief, MCA can be contacted at its registered agent located at:

> c/o Marc E Berson
> 225 Millburn Avenue
> Millburn, New Jersey 07041

10.   Upon information and belief, JADE LAKE is the lessee and/or operator of the real properties and improvements which is the subject of this action, to wit: Jade Lake Gourmet restaurant located at 229 Millburn Ave, Millburn, New Jersey 07041. (hereinafter referred to as "the Property").

11.   Upon information and belief, MCA is the owner and lessor of the Property.

12.   Upon information and belief, DEFENDANTS operate the Property under Title III of the ADA.

13.   DEFENDANTS are obligated to comply with the ADA.

14.   All events giving rise to this lawsuit occurred in Essex County, New Jersey.

<u>**COUNT I - VIOLATION OF TITLE III OF THE**</u>
<u>**AMERICANS WITH DISABILITIES ACT**</u>

15.   MR. BIRNBAUM realleges and reavers Paragraphs 1 - 14 as if they were expressly restated herein.

16.   The Property is a place of public accommodation, subject to the ADA, generally located at: 229 Millburn Ave, Millburn, NJ 07041.

17.   Upon information and belief, MR. BIRNBAUM has visited Property and desires to visit the Property again in the near future.

18.   MR. BIRNBAUM'S most recent visit to the Property prior to filing this original

Complaint was in September of 2018.

19.     Upon arriving at the Property, MR. BIRNBAUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 23.

20.     MR. BIRNBAUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 23.

21.     MR. BIRNBAUM lives within a close geographic proximity of the Property. MR. BIRNBAUM lives four (4) miles from the Property.

22.     MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

23.     Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

        I.      UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

                A.      The vestibule at the entrance of the Property is too narrow for a wheelchair to traverse;

                B.      The restroom stalls are too small for a wheelchair user to use; and

                C.      Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

24.     Upon information and belief, all barriers to access and ADA violations still exist and

4

have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

26. Upon information and belief, removal of the barriers to access located on the Property would provide MR. BIRNBAUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27. Independent of his intent to return as a patron to the Property, MR. BIRNBAUM additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

28. MR. BIRNBAUM continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 23 are removed.

29. MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANTS will continue to discriminate against him by failing to bring its Property into an accessible condition.

30. MR. BIRNBAUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BIRNBAUM is entitled to have his reasonable attorneys' fees, costs, and litigation expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

31.   Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

29.   Defendants' facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

30.   As a result of the aforementioned discrimination, MR. BIRNBAUM has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

WHEREFORE, MR. BIRNBAUM demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A.   That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B.   That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.   That this Court enter an Order awarding MR. BIRNBAUM damages, as provided for under N.J.S.A. 10:5-5;

D.   That this Court enter an Order directing DEFENDANTS to provide accessible policies and procedures related to disabled patrons and customers;

E.      That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BIRNBAUM; and

F.      That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

s/Clara R. Smit
Clara R. Smit (NJ # 060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff

7